## 28247. STRICKLAND et al. v. ADAMS et al.

GUNTER, Justice. The appellants here brought an action below to enjoin the appellees from conducting a corporate stockholders meeting for the purpose of electing directors of the corporation. The trial court entered an ex parte temporary restraining order,

later conducted a hearing, and then entered a judgment dissolving the restraining order and dismissing the complaint for failure to state a claim. This appeal is from that judgment.

The appellees have moved in this court to dismiss the appeal as being moot, because following the dissolution of the temporary restraining order the meeting which the complaint had sought to enjoin was duly held.

It is clear from this record that the only thing to prevent the holding of the meeting would be a restraining order or injunction issued by a court. Without such a prohibitory order by a court, the appellees were at liberty to conduct the meeting. After a hearing the trial court declined to grant such an order, the result being that the appellees were free to conduct the meeting which was held.

Code Ann. § 81A-162 (a) provides in part as follows: "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subsection (c) of this section govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal."

Code Ann. § 81A-162 (c) provides as follows: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

Following the trial court's judgment in this case dissolving the temporary restraining order and dismissing the complaint no action was taken on behalf of the appellants in accordance with the above-stated statutory provisions to prohibit the holding of the meeting pending appeal and review of the trial court's judgment.

In this situation this appeal must be dismissed as moot pursuant to Code Ann. § 6-809 (b). Furthermore, there are other legal procedures by which appellants can attack alleged illegal acts of corporate officers and directors.

*Appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED FEBRUARY 18, 1974.

*Lee & Clark, Griffin B. Bell, Jr.,* for appellants.
*Hamilton Lokey, Alton D. Kitchings, Edward T. Brennan, Donald E. Austin, John B. Miller, Melvin M. Belli,* for appellees.