31711. TURNER v. MARABLE-PIRKLE, INC. et al.
31712. CITY OF ADEL v. MARABLE-PIRKLE, INC. et al.

GUNTER, Justice.

These appeals by Turner and the City of Adel are from a summary judgment rendered in favor of

Marable-Pirkle, Inc. that dismissed it as one of the defendants in the trial court.

The plaintiff Turner received serious personal injuries in April of 1973 when a roto-tiller that he was operating came in contact with a ground wire running from a utility pole that was owned and operated by the city. The ground wire was energized; it should not have been energized; and Turner sued the city and other defendants, including Marable-Pirkle, for the injuries sustained.

In 1964 Marable-Pirkle, Inc. was employed by the city as an independent contractor to convert the city's electrical distribution system to a higher voltage system. This required the removal of every transformer in the system and replacement of each transformer with a transformer of greater capacity. This conversion also required the replacement of lightning arrestors, fuse cutouts, and other hardware on the poles with similar equipment of greater capacity. In January and March of 1965, Marable-Pirkle converted the particular utility pole involved in this litigation.

In 1968, approximately three years after Marable-Pirkle had completed the conversion of the city's electrical transmission system, the General Assembly enacted Ga. L. 1968, pp. 127-29 (Code Ann. § 3-1006). The pertinent part of this statute provides: "No action to recover damages for any deficiency in the . . . construction of an improvement to real property . . . shall be brought against any person performing . . . the . . . construction of such an improvement more than eight years after substantial completion of such an improvement."

Marable-Pirkle contended that this statute barred an action against it, because it had substantially completed its work on the electrical improvements more than eight years before the alleged injury occurred. The trial judge found, on the basis of the summary judgment evidence, that eight years had elapsed between substantial completion and the date of the injury, and, citing the 1968 statute, he rendered summary judgment in favor of Marable-Pirkle and dismissed Marable-Pirkle as a party to the litigation.

Both Turner and the city, which had cross claimed

against Marable-Pirkle, have appealed.

These appeals originally went to the Court of Appeals, but since constitutional issues were raised, the Court of Appeals transferred them to this court.

We conclude that the issue raised here can be determined by our construction of the 1968 statute, and it is unnecessary to reach any constitutional issue.

The 1968 statute, as we read it, is applicable only to "an improvement to real property"; and the words, "an improvement to real property," as used in the statute, do not mean improvements (the change of equipment) placed on an electrical power pole.

Section 6 of the statute reads: "As used in this Act the phrase 'substantial completion' shall mean the day when construction was sufficiently completed, in accordance with the contract, as modified by any change order agreed to by the parties, so that the owner could occupy the project for the use for which it was intended."

The erection of a power pole, and the placing of the necessary equipment thereon, for the transmission of electricity is not such an improvement to real estate as was contemplated by the 1968 statute. And, as in this case, the mere changing or replacement of such equipment on a pole already erected is not an improvement to realty pursuant to this statute. Therefore, the statute simply is not applicable in this case; it does not constitute a bar to the plaintiff's action; and the trial judge committed error in granting summary judgment and dismissing Marable-Pirkle as a party defendant. The judgment must be reversed and the case returned to the trial court for further proceedings.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 22, 1976 — DECIDED MARCH 10, 1977 — REHEARING DENIED MARCH 22, 1977 (case No. 31712).

*Blackburn & Bright, J. Converse Bright, West-moreland, Hall, McGee & Warner, C. Wilbur Warner, Jr.,* for appellant (case no. 31711).

*Charles H. Kirbo, King & Spalding, Nolan C. Leake* for appellant (case no. 31712).

*Neely, Neely & Player, Andrew J. Hamilton, Ronald D. Reemsnyder, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV, Griffis & Thomas, Virgil Griffis,* for appellees.