### 76094. MILES INSURANCE & REALTY COMPANY
### v. GILSTRAP et al.
(371 SE2d 672)

BENHAM, Judge.

Appellant contends that appellees' recovery is barred by the four-year statute of limitation in OCGA § 9-3-30 and by the eight-year statute of repose in OCGA § 9-3-51, governing suits involving improvements to realty. We agree that it is barred by the statute of limitation and reverse.

In 1978, appellant constructed a house which, after several changes of ownership, was purchased in 1984 by appellees. Mr. Gilstrap discovered in early 1985 that there was a problem with the location of his house on his lot. A survey which was performed for him revealed that his house had been constructed partly on his lot, but mostly on the undeveloped lot bordering his. The owner of that lot filed suit against appellees seeking, among other relief, the removal of the house from his property. In settlement of that suit, appellees bought the neighboring lot. In December 1986, they sued appellant for negligence, seeking the $12,500 purchase price of the lot plus their costs in the previous action. A jury awarded them $6,500. This appeal is from the judgment entered on that verdict.

1. At the time this case was tried, the statute of limitation was subject to a discovery rule under which the statute did not begin to run until the plaintiff became aware or in the exercise of due diligence should have become aware of the injury. *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985) (overruled, *Corporation of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988)). After this case was docketed in this court, the Supreme Court held in *Corporation of Mercer Univ.*, supra, that the discovery rule is confined to cases of bodily injury and that an action governed by OCGA § 9-3-30 must be brought within four years of substantial completion of the structure. It follows, then, that the statute of limitation ran in this case in 1982, four years after the completion of the house. Since the suit was not filed until December 1986, the action was time-barred and appellant is entitled to judgment.

2. Since we have decided this case on the ground of the statute of limitation, we need not address appellant's argument founded on the statute of repose in OCGA § 9-3-51. We note, however, that Division 2 of *Shaw v. Petersen*, 180 Ga. App. 823 (350 SE2d 831) (1986), on which appellee relies for the proposition that the statute of repose in OCGA § 9-3-51 runs from the date of discovery of the injury, is no

longer valid authority since the Supreme Court's abolition of the discovery rule in *Corporation of Mercer Univ.*, supra.

3. Appellees' motion for a penalty for a frivolous appeal is denied.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JULY 15, 1988.

*Rikard L. Bridges*, for appellant.
*Richard A. Epps*, for appellees.