## A89A1759. HARDEN v. AKRIDGE et al.
### (389 SE2d 6)

BIRDSONG, Judge.

Ozzie Mae Harden borrowed money under an equity loan from Akridge Realty, Inc., Mortgage Division, to have certain repairs made on her home. The repairs went awry and she sued Akridge Realty, Rufus Akridge, as brokerage agent for the loan, and Goldome Credit Corporation as funding lender for damage "in connection with [her] detrimental reliance on Akridge & Akridge Mortgage for selection of a reliable contractor and supervision of his work in renovating her house, in connection with Goldome's breach of its fiduciary duty in wrongful disbursement of loan funds and negligence in its supervision of the renovation work and in connection with [the contractor] Mercer's shoddy work on Harden's house."

The trial court granted summary judgment to Akridge, Akridge Mortgage and to Goldome. Harden appeals, asserting there are genuine issues of fact as to whether Akridge's activities in conducting the business affairs of Akridge Mortgage extended far beyond his duty as president, thus making him personally liable, and whether Akridge and Akridge Mortgage, as lender, had an obligation to protect Harden from construction defects in the renovation of her home either from a legal duty owed to her, or from an oral or implied contract.

As to Goldome, Harden asserts that its acts and participation in the loan agreement preclude it from asserting the defense of a holder in due course, and whether any agency relationship, express or implied, existed between Goldome and Akridge Mortgage. *Held*:

The trial court did not err in granting summary judgment to the defendants. This case is controlled by the rule in *Butts v. Atlanta Fed. Savings &c. Assn.*, 152 Ga. App. 40, 42 (262 SE2d 230). Ordinarily, an action for damages for faulty construction and incidents thereto, by a homeowner or purchaser against a lending or financing authority, will not lie because the lender's customary participation, the inspection, is normally not made for the benefit of the homeowner, but is made instead for the protection and benefit of the lender. Id. An exception to this rule has been recognized when the lender's financing activity extends beyond that of a conventional construction lender and engages him in activities actually connected to construction of the property. Id. In such a case, a legal duty may arise on the part of the lender to protect the homeowner from damages caused by construction defects.

Harden attempts to allege facts or evidence which place Akridge at responsibility for selecting a negligent contractor, approving faulty work, and performing negligent inspections. However, most of these allegations relate merely to the execution of the loan and construction agreements in Akridge's office, which she alleged removed Akridge

from the normal posture of a lender making an equity loan with only a concern for the judicious use of the money lent. These allegations do not suffice to impose liability for selecting a negligent contractor.

To place liability upon the lender for faulty construction, based merely on the fact of its having lent money that was used in construction and on the fact that, apparently for its own protection, it has inspected the work pursuant to disbursement of moneys, would violate public policy by creating a serious burden of liability on lenders for construction where, in fact, no actual causative blame can be found. Without strong evidence of actual participation and negligent conduct directly connected to the construction, the creation of such a burden would act to discourage construction lending proportionately. Generally, in fact, the lender does not have anything to do with the construction itself, and is not per se in a position to correct a defect if it noticed one. *Butts*, supra.

If any exception to this rule is made, it will have to be based on some clear promise of the lender to perform certain protective functions, and upon a clear and distinct participation in the activity which resulted in the damage. It is certainly not enough to make general allegations that the lender inspected the work, since such inspections are presumed to be for its own financial purposes and are not intended to ensure a quality of work. The lender is not an insurer of the work of the contractor, unless clear promises appear to the contrary. No such elements appear in this case. The trial court did not err in granting summary judgment to the lenders in this case, whatever their position.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1989 —
REHEARING DENIED NOVEMBER 30, 1989.

*Lonzy F. Edwards, Susan Y. Middleton, Brenda C. Youmas,* for appellant.

*Westmoreland, Patterson & Moseley, Thomas W. Herman, Melvyn J. Williams,* for appellees.

Lee Mercer, *pro se.*