A89A2267. BROADFOOT et al. v. AARON RENTS, INC. et al.
A89A2268. CITIZENS & SOUTHERN NATIONAL BANK v. BROADFOOT et al.
A89A2269. AARON RENTS, INC. v. BROADFOOT et al.
(393 SE2d 39)

BEASLEY, Judge.

Appellant Broadfoot, as trustee in bankruptcy for La Privilege, Inc. d/b/a Pierre's Rue de Paris, Pierre Merlot and Marie Merlot, sued Aaron Rents, Inc., Abco Builders, Inc. (Abco), C. Philip Richards, Harwell S. Huggins, M. William Breman and Citizens & Southern National Bank (C & S) for the 1985 collapse of brick veneer from

several stories of a building's east wall onto the premises the Merlots rented for their restaurant business.

Appellee Abco was the original general contractor of the building, which was constructed during the period 1963 to 1965 from a design provided by the owners, who are not party to the suit. In 1965, at foreclosure, a partnership composed of appellees Breman, Richards, and Huggins bought the shell building from the lender, C & S, and Abco completed it for them. (Bremen was the principal in Breman Steel Company, which provided the steel for the original construction and some for later work. Richards and Huggins were principals in Abco.) The partners abandoned the building to C & S in 1976, and C & S sold it to Aaron Rents in 1978.

Brick veneer problems on one section of the east wall arose during construction and in 1966, 1971, 1974 and 1977. In 1974 Abco was hired to correct certain problems in the east wall but had no further involvement with the building after performing that work. The wall partially collapsed in 1985 and severely damaged the Merlots' restaurant, which immediately closed and eventually bankrupted.

The complaint alleged that all defendants breached their respective duties by negligently failing to discover and to correct an inherent defect in the brick veneer of the wall. The alleged deficiencies were the lack of horizontal expansion joints below the shelf angles, as being necessary to relieve vertical expansion pressure, and the lack of brick ties. Plaintiffs sought business and credit reputation damages, damages for pain and suffering, punitive damages, and attorney fees.

At the close of the plaintiffs' liability case all defendants moved for directed verdict. The trial court granted directed verdicts on all causes in favor of contractor Abco and intermediate owners Breman, Richards and Huggins. It also directed verdicts in favor of current owner Aaron Rents and mortgagee/intermediate owner C & S on punitive damages, attorney fees, the Merlots' damages individually for mental anxiety, and damage to their credit. Plaintiffs moved to voluntarily dismiss their case against Aaron Rents and C & S, and an order was entered effecting dismissal pursuant to OCGA § 9-11-54 (b). A renewal suit against these two is pending.

After the plaintiffs appealed, Aaron Rents filed a motion in the trial court to dismiss the appeal, which was denied. Aaron Rents then moved to dismiss the appeal in this court (case no. A89A2267), which is granted as to it and as to C & S. It appears that appellants have voluntarily dismissed suit as to defendants-appellees Aaron Rents, Inc., and Citizens & Southern National Bank, making any appeal as to these two defendants moot. OCGA § 5-6-48 (b) (3); *Strickland v. Adams*, 231 Ga. 729, 730 (204 SE2d 294) (1974); *Franklin v. Shackelford*, 174 Ga. App. 520 (330 SE2d 449) (1985).

The dismissal renders moot the cross-appeal filed by C & S (case

no. A89A2268) and Aaron Rents (case no. A89A2269) from the denial of their motions for directed verdict.

The instant appeal thus involves only the judgments directing verdicts in favor of contractor Abco and intermediate owners Breman, Richards and Huggins.

1. The trial court granted Abco's motion for directed verdict on the basis of its defense of the "statute of repose," OCGA § 9-3-51 (a). It provides that "[n]o action to recover damages: (1) [f]or any deficiency in the survey or plat, planning, design, specifications, supervision or observation of construction, or construction of an improvement to real property; [or for] injury to property, real or personal, arising out of any such deficiency . . . shall be brought against any person performing or furnishing the survey or plat, design, planning, supervision or observation of construction, or construction of such an improvement more than eight years after substantial completion of such an improvement." (Indention omitted.) Appellants contend that the alleged acts and omissions for which Abco is liable do not constitute construction of an improvement to real property under this Code section. Since there was no evidence that Abco had any involvement with the building after 1974, the only question is whether their work was an "improvement to real property" as contemplated by OCGA § 9-3-51 (a).

The Supreme Court considered this question in *Mullis v. Southern Co. Svcs.*, 250 Ga. 90, 94 (4) (296 SE2d 579) (1982), stating: "Several factors [are] important to a commonsense analysis of what constitutes an improvement to real property. These factors are (1) is the improvement permanent in nature; (2) does it add to the value of the realty, for the purposes for which it was intended to be used; (3) was it intended by the contracting parties that the 'improvement' in question be an improvement to real property or did they intend for it to remain personalty. [Cits.]"

Appellants argue that an improvement to real property generally involves either original installation or construction allowing new or additional use of the real property, as opposed to repair or replacement or maintenance work. An improvement as contemplated by the statute denotes a fixed alteration to real estate, as distinguished from personalty. See *Turner v. Marable-Pirkle*, 238 Ga. 517, 519 (233 SE2d 773) (1977). As the Court in *Mullis,* supra, reasoned, "[t]he issue is whether a component of a system which is definitely an improvement to real property is an improvement to real property itself." The work Abco contracted to do in 1974 was to install horizontal expansion joints in the brick veneer, which was a structural change in design adding a new component, rather than a repair or restoration of the wall to its original condition. Whether or not Abco's performance of the work was effective goes to its quality, not its character.

The evidence was undisputed that the work done was intended to prolong the life of the brick veneer, to improve the performance of the wall, and to change the original design. Thus, the *Mullis* standards were met so as to apply the statute of repose. Because more than eight years had passed at the time the wall collapsed, the trial court properly directed a verdict in Abco's favor.

2. Since there were no allegations of bodily injury, appellants' case against the intermediate owners Breman, Richards and Huggins is barred by the statute of limitation for damage to real property, OCGA § 9-3-30, and damage to personalty, OCGA § 9-3-31. Both expire four years after the cause of action accrues. The Supreme Court has recently ruled that "[a]n action under OCGA § 9-3-30 must be brought within four years of substantial completion." *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988).

The last work complained of was performed in 1974. Breman, Richards and Huggins had not owned the building for almost nine years before the brick veneer fell in 1985, and they were not made parties to the lawsuit until 1986. They, too, were entitled to directed verdicts. *Miles Ins. &c. Co. v. Gilstrap*, 187 Ga. App. 858 (1) (371 SE2d 672) (1988).

*Appeal dismissed in Case No. A89A2267. Judgments affirmed in Case Nos. A89A2268 and A89A2269. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Carley, C. J., and Pope, J., concur in part and dissent in part.*

CARLEY, Chief Judge, concurring in part and dissenting in part.

In Case No. A89A2267, I concur in the majority's affirmance of the grant of a directed verdict in favor of appellee-defendants Abco, Breman, Richards and Huggins. It is my opinion, however, that the majority incorrectly dismisses that main appeal as against appellee-defendants Aaron Rents, Inc. (Aaron) and Citizens & Southern National Bank (C & S) and that the majority consequently errs by dismissing Case Nos. A89A2268 and A89A2269 as mooted cross-appeals. I must, therefore, respectfully dissent to the majority's failure to address the merits of all the issues that, in my opinion, have been properly raised in these three appeals.

*Hambrick v. Fidelity Acceptance Corp.*, 159 Ga. App. 540 (284 SE2d 53) (1981) is factually and procedurally indistinguishable. The trial court in the instant case granted directed verdicts in favor of Aaron and C & S as to their liability for *some but not all* of the elements of damage that appellant-plaintiff was seeking to recover against them. Because they became *immediately effective*, these rulings were *not* obviated or negated by appellant's subsequent voluntary dismissal of the case as against Aaron and C & S. That subse-

quent voluntary dismissal went *only* to Aaron's and C & S's asserted liability for the *remaining* elements of damage. Accordingly, the trial court's previous grants of directed verdicts in favor of Aaron and C & S are viable and extant rulings and the subsequent voluntary dismissal as to the remaining issues should *not* be construed as rendering moot appellant's instant appeal from those previous rulings. "In the case sub judice a refiling of the action predicated upon those issues which were voluntarily dismissed will provide a foundation upon which a claim for punitive [and other] damages might rest. However, the trial court's direction of the verdict[s] in favor of [Aaron and C & S] in the case sub judice would stand as res judicata and be a bar to possible recovery on these additional damages in a subsequent action. Therefore, any error in the decision of the trial court which this court failed to correct would present irreparable harm to [appellant]." *Hambrick v. Fidelity &c. Corp.*, supra at 543 (2).

Because the subsequent voluntary dismissal did not affect the efficacy of the trial court's previous grant of directed verdicts in favor of Aaron and C & S, the majority's dismissal of appellant's appeal is tantamount to an affirmance of those rulings without regard to whether or not they may be erroneous. As the result of the majority's decision, those rulings will now become res judicata and a bar to appellant's recovery of certain elements of damage despite his present proper attempt to secure an appellate review of his entitlement to recover those damages. I must respectfully dissent to what I perceive to be the majority's erroneous denial of appellant's *only* opportunity to seek to secure a reversal of the grant of the directed verdicts in favor of Aaron and C & S.

I am authorized to state that Judge Pope joins in this opinion.

DECIDED MARCH 14, 1990 —
REHEARING DENIED MARCH 30, 1990 — 

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Homer A. Houchins, Jr., C. Michael Johnson, Kenneth L. Karlberg*, for Broadfoot.

*Greene, Buckley, DeRieux & Jones, John D. Jones, Francis C. Schenck*, for Aaron Rents.

*Fortson & White, Bruce H. Beerman, Beth H. Paradies*, for C & S National Bank.