S90G0994. BROADFOOT et al. v. AARON RENTS, INC. et al.
(401 SE2d 257)

HUNT, Justice.

The trial court directed verdicts as to Broadfoot's claims against

Aaron Rents and the Citizens & Southern National Bank[1] on the issues of punitive damages and attorney fees. It then entered judgments on those verdicts and certified them as final. OCGA § 9-11-54 (b). Broadfoot voluntarily dismissed as to the issues of liability and certain general damages, which issues were not reached by the directed verdicts. Broadfoot later renewed those claims against C & S and Aaron Rents. Broadfoot appealed the grant of directed verdicts to the Court of Appeals and C & S and Aaron Rents cross-appealed the trial court's refusal to extend the directed verdicts to cover the issue of liability.

C & S and Aaron Rents successfully argued to the Court of Appeals that both the main appeal and their own cross-appeals were moot as a result of the voluntary dismissal and refiling by Broadfoot. We granted certiorari to consider this issue and, for the reasons stated by Judge Carley in his dissent (which Judge Pope joined) we reverse as to the main appeal.[2]

The thrust of the mootness argument is that the judgments on the directed verdicts were not final judgments, but merely evidentiary rulings, and that Broadfoot is not barred from relitigating punitive damages and attorney fees in the renewal suit. We disagree.

> The announcement by the trial court of its decision that there was no sufficient evidence presented so as to present an issue regarding punitive damages to the jury was sufficient to trigger the rule set forth in *Jones v. Burton*, 238 Ga. 394, . . . and preclude the subsequent filing of a voluntary dismissal as to the issues upon which a verdict was directed. . . . [T]he trial court's direction of the verdict in favor of defendant in the case sub judice would stand as res judicata and be a bar to possible recovery on these additional damages in a subsequent action. Therefore, any error in the decision of the trial court which this court failed to correct would present irreparable harm to plaintiff.

*Hambrick v. Fidelity Acceptance Corp.*, 159 Ga. App. 540, 543 (284 SE2d 53) (1981). As pointed out by the dissent, Broadfoot's only recourse was to appeal the judgments as to punitive damages and attorney fees. Those issues cannot be relitigated in the renewal action.[3]

---

[1] For a description of the underlying dispute, see *Broadfoot v. Aaron Rents*, 195 Ga. App. 297 (393 SE2d 39) (1990).

[2] Because the cross-appeals, unlike the main appeal, were directed toward issues which were not resolved by the trial court and which were in fact renewed by the second filing, those appeals *were* moot.

[3] Consider Restatement of the Law 2d, Judgments, § 27, on the matter of issue preclusion:

*Judgment affirmed in part, reversed in part and remanded. Clarke, C. J., Smith P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge William R. Killian concur; Weltner, J., not participating.*

DECIDED FEBRUARY 25, 1991.

Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, C. Michael Johnson, Martha McGhee Glisson, for appellants.

Jones, Jordan & Patrick, Rodney C. Jones, James M. Jordan III, Porter & Doster, J. Alexander Porter, Smith, Currie & Hancock, S. Gregory Joy, Frank C. Schenck, Bruce H. Beerman, Glower W. Jones, for appellees.

---

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.