A89A2267. BROADFOOT et al. v. AARON RENTS, INC. et al.
A89A2268. CITIZENS & SOUTHERN NATIONAL BANK v. BROADFOOT et al.
A89A2269. AARON RENTS, INC. et al. v. BROADFOOT et al.

(409 SE2d 870)

BEASLEY, Judge.

Pierre Merlot, Marie Merlot, and Broadfoot as trustee in bankruptcy for La Privilege, Inc. d/b/a Pierre's Rue de Paris, sued Aaron Rents, the Citizens & Southern National Bank (C & S) and other named parties not involved here. The complaint alleged that all parties breached their respective duties by negligently failing to discover and to correct an inherent defect in a brick veneer wall on a building which collapsed in 1985 and severely damaged the adjoining premises rented by the Merlots for their restaurant business, causing the immediate close of the restaurant and the Merlots' eventual bankruptcy. All plaintiffs included attorney fees in the prayer for damages, and the Merlots also claimed punitive damages against only the four parties no longer involved.

At the close of plaintiffs' case as to liability, all defendants moved for directed verdicts. They were granted on all causes in favor of the other defendants, and to Aaron Rents and C & S on plaintiffs' claims of punitive damages, attorney fees and the Merlots' damages individually for mental anxiety and damage to their credit and reputation. The judgments entered in favor of the other four defendants were subsequently amended to specify that the motion of one party (Abco) for directed verdict was denied as to punitive damages and attorney fees, but granted as to all other claims of the Merlots against all of the defendants.

After judgments were entered on these rulings and certified as final, plaintiffs voluntarily dismissed the case against Aaron Rents and C & S and subsequently renewed it against these two defendants. Plaintiffs also appealed the judgments based on the directed verdicts, and both Aaron Rents and C & S filed cross-appeals from the trial court's refusal to direct verdicts on the issue of liability.

On the first appearance of these appeals in *Broadfoot v. Aaron Rents,* 195 Ga. App. 297 (393 SE2d 39) (1990), this court held that both the main appeal (A89A2267) and the two cross-appeals (A89A2268, A89A2269) were moot as a result of plaintiffs' voluntary dismissal and refiling of the lawsuit. Two judges dissented, taking the view that because the directed verdicts became immediately effective,

these rulings were not obviated or negated by plaintiffs' subsequent dismissal of the case and thus neither the appeal nor the cross-appeals were moot.

On grant of certiorari the Supreme Court reversed "as to the main appeal," agreeing with the dissent that plaintiffs' only recourse was to appeal the judgments as to punitive damages, attorney fees, and individual damages because those issues could not be relitigated in the renewed action. The case was remanded to this court for review on the merits.[1]

Dismissal of C & S' and Aaron Rents' cross-appeals was affirmed "[b]ecause the cross-appeals, unlike the main appeal, were directed toward issues which were not resolved by the trial court and which were in fact renewed by the second filing. . . ." *Broadfoot v. Aaron Rents*, 260 Ga. 836, 837, fn. 2 (401 SE2d 257) (1991).

1. In their briefs appellants' arguments that the trial court's final judgment on the claim for punitive damages and attorney fees was improper were addressed only to the grant of directed verdict to another defendant, Richards. Thus it is unnecessary to consider this issue as only our rulings made in regard to Aaron Rents and C & S "were *not* obviated or negated by appellant's subsequent voluntary dismissal and renewal of the case. . . ." *Broadfoot v. Aaron Rents*, 195 Ga. App. 297, 300, supra. Besides, there is no enumeration of error complaining of the directed verdict in favor of Aaron Rents and C & S on the issues of punitive damages and attorney fees. Thus there is nothing for us to review in this regard at this stage.

2. The Merlots alleged in enumeration of error 3, that as a result of the appellees' negligence, they suffered mental and emotional pain and pecuniary losses incurred through damage to personal family antiques, lost profits from their restaurant business, expenses of cleaning up debris and remodeling and redecorating the building, expenses of transporting property to protect it while the restaurant was closed, legal expenses and attorney fees for defending creditor suits and bankruptcy costs, expenses to store and protect property pledged to the corporation in bankruptcy, and medical expenses for physical afflictions, insomnia and rashes caused by the stress of the situation. The Merlots also contend that they suffered mental pain and suffering because their ability to earn a living was totally destroyed. Consequently, they contend that a directed verdict excising these damages was error.

Noting that "[a]s a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim

---

[1] Although it appears from the Supreme Court's opinion that only Broadfoot as trustee for the corporation was before it, the petition and grant of certiorari covered all three plaintiffs and we consider the remand in that light.

is premised upon ordinary negligence[,]" *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984), Aaron Rents and C & S contend that the trial court did not err in directing verdicts and entering judgments in their favor for such alleged mental and emotional pain and suffering as a matter of law. Appellants respond that in *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989), the Supreme Court recognized that compensable mental suffering may arise from trespass upon real property where "mental injury flowing from a trespass" is sought to be compensated. Id. at 667. They argue that the Merlots suffered not only a trespass upon their property from the falling bricks and the physical afflictions arising from mental distress which required medical attention, but also pecuniary loss and injury to reputation.

However, the Supreme Court in *OB-GYN* also "reiterate[d] the rule that for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury might not be physical. An injury to the reputation would be such an injury." Id. at 667. Thus, as now clarified by the Supreme Court, "the impact which will support a claim for damages for emotional distress must result in a physical injury." *OB-GYN Assoc. v. Littleton*, 259 Ga. at 666 (2A).

(a) The Merlots suffered no physical impact or injury of any kind when the bricks collapsed in 1985 and caused damage to their restaurant. It is clear from their testimony that their alleged mental anguish did not result from shock or fright at the trespass, but was a consequence of their worry and distress over the failure of their business and subsequent bankruptcy. The following principles apply. "If the damage incurred by the plaintiff is only the imaginary or possible result of a tortious act or if other and contingent circumstances preponderate in causing the injury, such damage is too remote to be the basis of recovery against the wrongdoer." OCGA § 51-12-8. "[D]amages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered." OCGA § 51-12-9.

(b) Nor can Mr. and Mrs. Merlot state a claim for pecuniary loss as they did not own the property where the restaurant was located. A Georgia corporation, La Privilege, Inc., held a leasehold interest in the building and operated the Rue de Paris Restaurant, so the alleged negligence resulted in direct injury only to La Privilege, Inc. The Merlots were merely stockholders and employees of the corporation and they made no allegation that the appellants' negligent act interfered with any employment rights or interests, so as to give rise to a personal cause of action. See *Willis v. Ga. Northern Ry. Co.*, 169 Ga. App. 743 (314 SE2d 919) (1984). The pecuniary losses suffered personally by the Merlots were the destruction of antiques and family

possessions, lost wages and profits from the business as shareholders, and clean-up and storage expenses, but such damage to personal property does not authorize recovery for mental suffering. *Kuhr Bros. v. Spahos*, 89 Ga. App. 885, 890 (81 SE2d 491) (1954); *OB-GYN Assoc. v. Littleton*, 259 Ga. at 666.

3. Likewise, Pierre Merlot has alleged no cognizable claim for damage to his credit reputation which can be attributed to the brick collapse. To the contrary, there was evidence that the restaurant had been in financial trouble from the day it opened and had consistently lost money. After the business failed, Pierre Merlot's personal lines of credit were terminated by the bank because La Privilege, Inc., was unable to pay its loans. Although Merlot's credit card had been cancelled after the bankruptcy and was refused while dining with friends, a companion who was present on that occasion testified that in his view Merlot's reputation was not injured by the incident. Thus again, any lowering of Pierre Merlot's credit reputation was not proximately caused by the wrongful conduct complained of. "The conduct of [Aaron Rents and C & S] could have done nothing more than give rise to the occasion which made [appellants'] injuries possible. Other circumstances preponderated in causing [their] injuries. Accordingly, [appellees'] conduct was, at best, a remote cause of [appellants'] injuries. See OCGA §§ 51-12-8; 51-12-9." *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (3) (341 SE2d 250) (1986). See also, *Bigelow-Sanford Carpet Co. v. Goodroe*, 98 Ga. App. 394 (3, 4) (106 SE2d 45) (1958). Therefore the directed verdict against him on this issue of damages was correct.[2]

4. In light of the above, there was no error in the trial court's refusal to allow testimony that the Merlots' immigration status prevented them from acquiring other jobs in order to mitigate their damages, as asserted in the sixth enumeration.

5. As to enumeration 5, the trial court also properly rejected evidence of "mitigation of damages" expenses sought by Broadfoot for La Privilege, Inc., for expenditures made to replace light fixtures, chandeliers, flowers and redecorating the restaurant after it reopened. Assuming he can establish liability against Aaron Rents and C & S in the trial of the case as renewed, Broadfoot would then be able to recoup for damage to La Privilege's leasehold and property, as well as remodeling and replacement costs, which would permit a double recovery. At any rate, the court allowed this evidence of expenses to be proffered for later consideration, but this did not occur because the

---

[2] There was no evidence whatsoever with regard to Marie Merlot's credit reputation and apparently no claim concerning it. Enumeration 4 complains that the directed verdict on this issue, which embraces both Merlots, was error. The argument and citation of authority address only Pierre Merlot. That is all we consider.

suit was voluntarily dismissed.

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Carley, Pope, Cooper and Andrews, JJ., concur.*

DECIDED JULY 8, 1991 —
RECONSIDERATION DENIED JULY 31, 1991.

*Greene, Buckley, Derieux & Jones, Frank C. Schenck, Smith, Currie & Hancock, S. Gregory Joy, Glower W. Jones*, for Aaron Rents.

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, C. Michael Johnson, Martha M. Glisson, Homer A. Houchins, Jr., Kenneth L. Karlberg*, for Broadfoot.

*Fortson & White, Bruce H. Beerman, Beth H. Paradies*, for C & S Bank.