A92A1836. BROADFOOT et al. v. CITIZENS & SOUTHERN NATIONAL BANK.
(430 SE2d 638)

COOPER, Judge.

This appeal, the third case from the same set of facts to appear before this court, arises from the trial court's grant of appellee's motion for summary judgment.

Appellants Marie and Pierre Merlot and Broadfoot, as trustee in bankruptcy for the Merlots' restaurant, brought this action against appellee and other named parties for severe damage to their restaurant caused by the collapse of brick veneer from the wall of an adjacent building onto property rented by the Merlots. As a result, the restaurant closed and went into bankruptcy.

Abco Builders, Inc. ("Abco") was the original general contractor of the adjacent building from 1963 until 1965. In 1965, a partnership composed of C. Phillip Richards, Harwell S. Huggins and M. William Breman purchased the building at a foreclosure sale from appellee, the lender. The partnership abandoned the building in 1976 to appellee. In 1978, appellee sold the property to Aaron Rents, Inc., the owner of the building when appellants' property was damaged in 1985. Appellants filed their complaint in 1986. Abco, Richards, Huggins, Breman, Aaron Rents and appellee were originally defendants in this case. The complaint alleged that defendants negligently failed to discover and correct inherent defects in the wall's brick veneer. The record reveals that problems with the brick veneer arose both during construction and afterwards, in 1966, 1971, 1974 and 1977, as well as 1985. In 1974, Abco was retained to correct problems in the wall. Abco was to have installed horizontal expansion joints under each shelf angle of the wall in order to relieve the vertical expansion pressure of the building and prevent future collapses; however, in 1977, while appellee was the sole owner of the building, brick veneer again fell from the wall. An engineer hired by appellee determined that despite the 1974 effort to correct problems in the wall, the cause of the collapse was still an insufficient number of brick ties. Appellants contend that during its ownership appellee knew of the prior collapses, knew or should have known through the exercise of ordinary care that

the wall was defectively constructed and failed to correct the defects, in breach of its duty to exercise reasonable and ordinary care.

The case proceeded to trial before a jury, during which the court granted directed verdicts on all counts in favor of Abco, Breman, Richards and Huggins. The court also granted directed verdicts in favor of appellee and Aaron Rents on appellants' claims for punitive damages, attorney fees and the Merlots' individual claims for mental anxiety and damage to their credit. The trial court's rulings were appealed to this court and affirmed in *Broadfoot v. Aaron Rents*, 195 Ga. App. 297 (393 SE2d 39) (1990) ("*Broadfoot*") and *Broadfoot v. Aaron Rents*, 200 Ga. App. 755 (409 SE2d 870) (1991). Appellants voluntarily dismissed appellee and Aaron Rents without prejudice and within six months renewed the case pursuant to OCGA § 9-2-61. Based on our decision in *Broadfoot*, that the claims asserted against previous owners Breman, Huggins and Richards were barred by the statutes of limitation for damage to real property (OCGA § 9-3-30) and damage to personal property (OCGA § 9-3-31), appellee moved the trial court for summary judgment. Adopting the language of *Broadfoot*, the trial court held that since the " 'last work complained of was performed in [1977]' " and appellee " 'had not owned the building for almost [eight] years before the brick veneer fell in 1985, and it was not made a party to the lawsuit until 1986,' " appellants' claims against appellee were also barred by the applicable statutes of limitation. The trial court's order indicates that appellants settled their claim against defendant Aaron Rents; thus, the claim against appellee is the sole remaining claim in this case. Appellants contend the trial court erred in granting summary judgment in favor of appellee on the basis of a four-year statute of limitation when appellants' first injury occurred and the cause of action accrued against appellee on April 5, 1985 and appellants brought suit against appellee on December 30, 1986. Appellants argue that the trial court erroneously applied *Broadfoot* because appellee is not situated similarly to prior owners Breman, Richardson and Huggins, who had no legal interest in the building after 1976. Appellants contend that by holding the security deed after the sale of the building to Aaron Rents, appellee retained the right to inspect and demand that the building be properly maintained in good condition and repair and not create an unsafe hazard to the public.

At the outset we reject appellants' contention that the power to inspect the premises granted appellee in the security deed was intended to benefit the public and therefore to benefit appellants specifically. " 'A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person. (Cit.)' [Cit.] 'In order for a third party to have standing to enforce such a contract . . . it must clearly appear from the con-

tract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. (Cits.)' [Cit.]" *American Legion v. Foote & Davies*, 193 Ga. App. 225, 226 (1) (387 SE2d 380) (1989). There is no evidence of any intent on the part of the appellee and Aaron Rents to benefit appellants. Indeed, the Merlots only entered into their lease of the restaurant premises eight months before the 1985 brick collapse whereas the security deed was executed in 1978. In addition, this court has previously held that actions against lending or financing authorities by homeowners or purchasers for faulty construction "will not lie because the lender's customary participation, the inspection, is normally not made for the benefit of the homeowner, but is made instead for the protection and benefit of the lender. [Cit.]" *Harden v. Akridge*, 193 Ga. App. 736 (389 SE2d 6) (1989). "If any exception to this rule is made, it will have to be based on some clear promise of the lender to perform certain protective functions, and upon a clear and distinct participation in the activity which resulted in the damage. It is certainly not enough to make general allegations that the lender inspected the work, since such inspections are presumed to be for its own financial purposes and are not intended to ensure a quality of work." Id. at 737.

Appellants also argue that this case is controlled by *Welding Products of Ga. v. S. D. Mullins Co.*, 127 Ga. App. 474 (193 SE2d 881) (1972) and *Hunt v. Star Photo Finishing*, 115 Ga. App. 1 (153 SE2d 602) (1967). However, we are not persuaded that these cases, which involve suits by tenants against independent contractors for negligent construction, are controlling. Appellants seek to hold appellee liable as the holder of the security deed or as the sole owner of the building when the 1977 collapse occurred and the last repairs were made prior to the 1985 collapse.

OCGA §§ 9-3-30 and 9-3-31 provide that all actions for trespass upon or damage to realty and for injuries to personalty "shall be brought within four years after the right of action accrues." In *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988), the Supreme Court ruled that actions under OCGA § 9-3-30 must be brought within four years of substantial completion of the structure. In the instant case, the last work performed on the building, which could arguably be considered "substantial completion," was in 1977; thus, the statute of limitation ran in 1981. Since this action was not filed until December 1986, it was time-barred. See *Miles Ins. & Realty Co. v. Gilstrap*, 187 Ga. App. 858 (1) (371 SE2d 672) (1988). Accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 18, 1993 —
RECONSIDERATION DENIED APRIL 2, 1993 

*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, C. Michael Johnson, Pamela B. Adams,* for appellants.
*Fortson & White, Bruce H. Beerman, Greene, Buckley, Jones & McQueen, Francis C. Schenck,* for appellee.