51977. SMITH et al. v. FAULKNER.

PANNELL, Presiding Judge.

The plaintiff brought suit against the defendant to recover for personal injuries sustained in an automobile collision. At the close of all the evidence, the defendant made a motion for directed verdict, and the trial judge granted the motion. The plaintiff appeals the judgment entered in favor of the defendant.

The evidence shows that on the afternoon of September 25, 1974, the defendant was driving a truck and towing a 12 foot wide portable building east on Lovvorn Road. The plaintiff was driving an automobile west on the same road. It was raining, and the road was slippery.

The plaintiff could not recall what happened before or during the accident. Her eleven-year-old daughter Tammy was riding in the car, and testified to the following events: As the plaintiff's car rounded a curve in the road, Tammy looked up and saw the defendant's truck towing the building across a bridge. The truck was partly on and partly off the bridge, and most of the bridge was covered up by the building. Tammy thought that there was enough room for the car to pass, so she looked back down at her book. She then heard her mother say "Whoops," and the collision occurred.

The defendant testified that his truck was completely off the bridge, and most of the building had cleared the bridge, when he first saw the plaintiff's car. He said the plaintiff came into view skidding around the curve toward him; she was approximately 450 feet away.

The defendant then pulled his truck and trailer off the road onto the shoulder and came to a complete stop; the plaintiff's vehicle skidded across the road and collided with the truck and building.

The testimony showed that the bridge was 20 feet wide; the building was 12 feet wide. The defendant testified that a car could not pass while the building was on the bridge.

The trial court granted a directed verdict for the defendant on the ground that no negligence on the part of the defendant had been shown. We believe that the jury would have been authorized to find that the defendant was negligent in blocking passageway across the bridge and in not adequately warning approaching traffic that the roadway was blocked. Further, the jury could have found from the evidence that the plaintiff's car went out of control as she attempted to avoid the defendant's negligence.

"[Q]uestions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases." *Bussey v. Dawson,* 224 Ga. 191, 193 (160 SE2d 834). We find that this case presents questions of negligence and proximate cause which should have been resolved by a jury. Accordingly, the trial court erred in directing a verdict for the defendant.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED APRIL 7, 1976 — DECIDED MAY 21, 1976.

*Farrar & Farrar, Archibald A. Farrar, Archibald A. Farrar, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney Wheeler,* for appellee.