62502. A. C. GAS SERVICE, INC. v. BICKLEY.

BANKE, Judge.

This appeal is from a judgment for the plaintiff in a suit to recover for damage to his house and belongings caused by a fire which occurred in January of 1977. The plaintiff contended that the fire was caused by excessive liquid propane gas pressure resulting from the defendant gas company's negligence in installing and servicing of a regulating device on the gas line entering the house. Plaintiff's experts testified that the regulator was unnecessarily exposed to the elements and that during a snowfall on the day of the fire, the regulator probably became blocked by ice or snow, allowing excessive gas pressure to build up in a water heater and in two furnaces.

The defendant enumerates as error the denial of its motion for directed verdict, one ground of which was that suit was barred by the statute of limitation. It is undisputed that the fire occurred in January of 1977. This suit was brought on November 28, 1979. The limitation period for suits to collect for damage to property is four years. Code §§ 3-1001, 3-1002. The defendant contends that the negligent act, if any, occurred when it modified the regulator in December of 1974, more than four years prior to the initiation of the action. *Held:*

1. Code § 3-1001 provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of

action accrues." "A cause of action by a property owner for damage to a building resulting from a construction or design defect accrues at the time of defective construction. *U-Haul Co. of Western Ga. v. Abreu & Robeson, Inc.,* 247 Ga. 565, 566 (277 SE2d 497) (1981); [Cits.] . . . Since the existence of the defect gives rise to immediately ascertainable damages to the owner which can be measured by the resulting decrease in market value of the property or by the cost of repair, this rule is nothing more than an extension of the general rule that a cause of action in tort arises at the time the action could first have been successfully maintained, i.e., when some damage first occurs. See *Barrett v. Jackson,* 44 Ga. App. 611 (2) (162 SE 308) (1931). However, where the defect is not in the construction of a building or other structure owned by the plaintiff but in the installation of equipment owned and maintained . . . [by a utility company] . . . for the purpose of providing service to the property, such reasoning does not apply. Cf. *Turner v. Marable-Pirkle, Inc.,* 238 Ga. 517 (233 SE2d 773) (1977)." *Atlanta Gas Light Co. v. City of Atlanta,* 160 Ga. App. 396 (1981). We accordingly hold in the case before us now that the 4-year limitation period established by Code § 3-1001 did not begin to run against the plaintiff until the date his property was damaged.

2. The defendant's contention that the verdict is unsupported by the evidence is without merit; and its reliance on *Claxton Poultry Co. v. City of Claxton,* 155 Ga. App. 308 (8) (271 SE2d 227) (1980), is misplaced. The holding there was that a supplier of gas is not liable for damages resulting from defects in the property owner's appliances. There was no evidence in this case that the fire resulted from a defective appliance owned by the plaintiff.

3. Defendant contends that the trial court erred in allowing the plaintiff's expert to express an opinion based on facts not in evidence. This enumeration of error is without merit. The expert's testimony was based on his own investigation of the fire, including an examination of the regulating device, and was properly admitted.

4. The trial court did not err in denying defendant's request to charge the jury that the failure of the plaintiff to call certain witnesses warranted an inference that they would have testified adversely to the plaintiff. There was no showing that the witnesses were within the plaintiff's power or control and were accessible. See *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (181 SE 315) (1935).

5. The defendant contends that the jury's verdict, "We the jury find that the plaintiff should be reimbursed in the amount of $120,000," was defective in that it did not expressly find for the plaintiff and against the defendant. "Verdicts shall have a reasonable intendment, and shall have a reasonable construction." Code Ann. §

110-105. While not in the correct form, the meaning of the verdict may be ascertained with little or no difficulty. This enumeration of error is without merit.

6. The trial court properly refused to allow counsel for defendant to establish that although the plaintiff's experts were paid to testify on his behalf, the plaintiff did not personally pay them. The line of questioning appears to have been an effort on the part of defense counsel to inject the issue of insurance into the case. "The rule that [a party] be allowed the right of a thorough and sifting cross examination must be balanced against the rule that irrelevant matters of insurance coverage should be excluded from evidence. In the interest of justice, the matter of insurance which is not a germane issue, should be kept out." *Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga. App. 825, 830 (212 SE2d 638) (1975).

We have carefully examined the other enumerations of error and find them to be without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 3, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*Kenneth M. Henson, Jr.*, for appellant.
*Charles M. Stapleton, Robert R. Gunn II*, for appellee.

