45255. CORPORATION OF MERCER UNIVERSITY v. NATIONAL GYPSUM COMPANY et al.
(368 SE2d 732)

SMITH, Justice.

The United States Court of Appeals for the Eleventh Circuit certified the following question to this court:

"Whether the discovery rule is applicable to property damage cases where there is no applicable statute of repose but there are knowledge and concealment of hazardous defects?" *Corp. of Mercer University v. National Gypsum Co.,* 832 F2d 1233 (1987). The answer to both parts of the question is no.

On April 9, 1985, Mercer University filed actions in federal district court against several manufacturers of asbestos-containing construction products. Among these manufacturing companies were defendants United States Gypsum, National Gypsum, and W. R. Grace & Co. The lawsuits were brought to recover damages in tort for injury to property arising out of the defendants' sale to Mercer University of asbestos products. Mercer alleged that these products were installed in buildings constructed or renovated between 1906 and 1972 on its Atlanta and Macon campuses.

Defendants moved for summary judgment on the ground that the plaintiff's claims were barred by the statute of limitations. The district court, applying Georgia's discovery rule, held that the four-year statute of limitations did not begin to run until Mercer knew or reasonably should have known that the removal of defendants' products was necessary to eliminate the hazard associated with the asbestos. It therefore de-

nied the summary judgment motions. After a bifurcated trial, the jury awarded Mercer compensatory damages of $114,800.18 against National Gypsum, $284,901.00 against W.R. Grace & Co., and punitive damages of $1,000,000 against both companies. The subsequent appeals by National Gypsum and W.R. Grace & Co., and Mercer University's cross-appeal, were consolidated with Mercer's earlier appeal of the district court's dismissal of United States Gypsum.

Id.

1. This case involves property damage only, there is no personal injury involved. The applicable statute of limitations in this case is OCGA § 9-3-30 which provides that the action must be brought within four years after the right of action accrues.

The plurality opinion in *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461 (330 SE2d 344) (1985), extended the discovery rule to property damage involved in that case over the dissent of three justices. Today, we expressly adopt the dissent written by Justice Weltner, and hold that "the discovery rule of *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981) [is confined] to cases of bodily injury which develop only over an extended period of time." Id. 466. To the extent anything in *Lumbermen's* is in conflict with this opinion, it is overruled. An action under OCGA § 9-3-30 must be brought within four years of substantial completion.

2. The continuing tort theory expressed in *Everhart v. Rich's, Inc.*, 229 Ga. 798 (194 SE2d 425) (1972) is limited to cases in which personal injury is involved. It is not applicable to cases which involve only property damage.

*Certified question answered. Marshall, C. J., Clarke, P. J., Weltner, and Hunt, JJ., and Judge Joel J. Fryer concur. Bell, J., concurs specially. Gregory, J., disqualified.*

BELL, Justice, concurring specially.

I agree with the result in this case, because there is no applicable statute of repose. See my special concurrence in *Lumbermen's Mut. Cas. Co. v. Pattillo Constr. Co.*, 254 Ga. 461, 466 (330 SE2d 344) (1985). However, I would continue to apply the discovery rule in instances where there is a statute of repose.

DECIDED JUNE 9, 1988 —
RECONSIDERATION DENIED JULY 1, 1988.

*Corinne E. Houpt, Martin, Snow, Grant & Napier, Cubbedge Snow, Jr., Bracewell & Patterson, Darci L. Rock, Luis M. Nido, Mary*

*Caroline Parker, Martin W. Dies, Jr,* for Corporation of Mercer University.

*Freeman & Hawkins, Julia Bennett Jagger, Morgan, Lewis & Bockius, Thomas B. Kenworthy, Kilpatrick & Cody, Mara McRae, A. Stephens Clay, Hoyle, Morris & Kerr, Lawrence T. Hoyle, Jr., Goodwin, Procter & Hoar, Shepard M. Remis, Kenneth A. Cohen, Smith, Gambrell, Russell & Martin, David A. Handley, Jonathan D. Moonves, Thomas E. McCarter,* for National Gypsum Company et al.

*Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III, Laura E. Stevenson,* amicus curiae.