A90A1277. ANDEL et al. v. GETZ SERVICES, INC.

(399 SE2d 226)

POPE, Judge.

Plaintiffs Calvin C. and Frankie Andel are a married couple. In February 1976 Mr. Andel contracted with defendant Getz Services, Inc. to treat plaintiffs' house for wood fungus. Defendant's representative informed Mr. Andel the company would spray the wood in the crawl space under plaintiffs' house with one of three chemicals, one of which was pentachlorophenol ("PCP"). Mr. Andel learned the first of two consecutive days defendant treated the house that PCP was the chemical used but Mrs. Andel denied knowing what the house was sprayed with until 1981 when a test for toxic substances revealed the presence of PCP vapors in the house.

Immediately after the house was sprayed plaintiffs noticed a strong and obnoxious odor in the house. In fact, defendant's representative responded to a call to plaintiffs' house late in the evening on the day the spraying was completed and informed plaintiffs the odor was only cosmetic and posed no hazard to them. The representative helped plaintiffs set up fans to ventilate the house and the strength of the chemical odor dissipated over time, though it was replaced by a "musty" odor that permanently lingered in the house. Also immediately after the house was sprayed both plaintiffs started experiencing physical symptoms such as burning skin, watery eyes and various respiratory problems. Mr. Andel testified the burning sensation to his skin and eyes subsided within days but Mrs. Andel testified these symptoms continued in her case whenever she was in the house until plaintiffs moved out of the house in 1982. Both plaintiffs developed other physical complaints and illnesses over time which they now allege are the result of exposure to PCP. In the case of Mr. Andel these include headaches, night sweats, chronic bronchitis and other respiratory problems and various neurological problems. In the case of Mrs. Andel these include basal cell carcinoma, tumor, headaches, swelling of tissue, heart palpitations and difficulty swallowing.

In late 1981 plaintiffs finally ordered an air sample test of their house which revealed the presence of PCP. The test was ordered after

Mr. Andel removed the flooring from a closet in the house and discovered the odor plaintiffs had smelled for several years was coming from the crawl space of the house. Plaintiffs denied realizing the source of the odor prior to this date. In November 1981 plaintiffs' family physician ordered blood and urine tests once he learned plaintiffs had been exposed to PCP and the tests revealed toxic levels of PCP in plaintiffs' bodies. Despite plaintiffs' repeated visits to several doctors for various symptoms over the years, the record does not reveal that any physician ever suggested plaintiffs' complaints or ailments were related to toxic poisoning until the results of these tests were learned.

The complaint in this case was filed October 27, 1983. In 1987 the trial court granted defendant's motion for summary judgment on those counts of plaintiffs' complaint alleging fraud and breach of warranty on the ground that those counts were barred by the applicable statutes of limitation. At that time the trial court concluded plaintiffs' remaining claims were timely filed under the "discovery rule," which holds that the statute of limitation does not commence to run until the plaintiff knew or with reasonable diligence should have discovered his or her injuries and defendant's alleged negligence. However, in December 1989 the trial court ruled the remaining claims were barred pursuant to this court's ruling in *Boyd v. Orkin Exterminating Co.*, 191 Ga. App. 38 (381 SE2d 295) (1989). Plaintiffs appeal.

1. The facts of this case are distinguishable from those in *Boyd*, supra. In *Boyd* the pleadings and the evidence showed the plaintiffs attributed their physical ailments to the defendant's application of pesticide to their house more than four years before the complaint was filed. Plaintiffs in *Boyd* notified the defendant by letter in 1978 that they believed they were becoming ill because of the pesticide treatments and requested defendant to cease treating their house but did not file a complaint against defendant until 1985. In the case now before us, the undisputed evidence in the record shows neither plaintiffs nor their physicians related their ailments to defendant's use of PCP until November 1981.

Even though plaintiffs experienced physical symptoms immediately after the spraying which they knew or should have known were associated with contact with the chemical substance used, this did not commence the period of limitation for subsequent symptoms which plaintiffs did not associate with the substance. "The fact that 'an' injury occurs and the causal connection is discovered does not cause the statute of limitations to run against different injuries yet unsustained, or with reasonable diligence yet undiscovered, and not yet causally connected. . . . [Plaintiffs] could not maintain an action for damages for [a particular illness] allegedly caused by [the chemical], until they knew or should have known through the exercise of reasonable diligence not only that they had the [particular illness] but that [said

illness was] caused by [the chemical]. . . . It is not for us to say, for example, that a plaintiff has no cause of action for a lung cancer allegedly caused by 'Agent Orange' merely because he had suffered and causally discovered an unrelated red rash on his palms and feet, or headaches, caused by 'Agent Orange,' two years and one day before." *Anderson v. Sybron Corp.*, 165 Ga. App. 566, 568 (353 SE2d 816) (1983).

Because plaintiffs' action was filed within two years from the date the record shows plaintiffs first associated their illnesses with the spraying of PCP, their negligence claim for personal injury is not time barred as a matter of law. Mr. Andel knew PCP was the chemical used by defendant in treating his house and evidence was presented that Mr. Andel may have become informed at some time prior to two years before bringing the lawsuit that PCP was hazardous to human health. However, whether Mr. Andel should, through the exercise of reasonable diligence, have discovered the causal connection between his illnesses and the alleged negligence of defendant is an issue for jury determination. See *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981). Summary judgment was erroneously granted as to plaintiffs' negligence claims for personal injury.

2. However, the discovery rule does not apply to property damage claims. *Corporation of Mercer Univ. v. National Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988). In *Mercer Univ.* the Georgia Supreme Court ruled that all actions for negligent damage to property must be brought within four years after the cause of action accrues, as provided in OCGA § 9-3-30, even if the negligence was not discovered within that period. Plaintiffs' argument that the cause of action could not possibly have accrued until the causal connection between defendant's acts and plaintiffs' injury was discovered is thus precluded. Summary judgment was properly granted as to plaintiffs' claim for negligent damage to property.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 30, 1990 —
REHEARING DENIED NOVEMBER 20, 1990 —

*Doffermyre, Shields & Canfield, Robert E. Shields, Kilpatrick & Cody, Alan R. Perry, Jr., James F. Bogan III, Walker, Hulbert & Gray, Michael G. Gray,* for appellants.

*Long, Weinberg, Ansley & Wheeler, James H. Fisher II, Stephanie F. Goff,* for appellee.