A92A1853. GRIFFIN v. KANGAROO, INC. et al.
(430 SE2d 82)

ANDREWS, Judge.

Griffin appeals from the entry of judgment upon the court's direction of a verdict in favor of defendants Kangaroo, Inc. and Mansfield Oil Co. on her claims for trespass, nuisance and negligent maintenance of gasoline storage tanks.

1. " '(O)n appeal, we must construe the evidence most strongly to support the jury verdict and the judgment' [cit.]; likewise, in considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. [Cit.]

The standard for review of a directed verdict and a judgment n.o.v. are the same: 'Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed.' [Cit.]" *Mattox v. MARTA,* 200 Ga. App. 697, 698 (1) (409 SE2d 267) (1991).

So viewed in favor of Griffin, the opponent of the motion for directed verdict, the evidence was that she and her deceased husband had owned their residence on Hwy. 78 since the 1950s. They obtained their water from a well dug on their property. During that period, her husband had built a service station on part of the property, including the installation of two gasoline storage tanks. He eventually sold the station and property to Esco which continued to operate it. Foster had also operated another station across the street. The Griffins experienced no problems with their well through the 1970s.

In December 1983, Mansfield Oil bought a piece of the property from Esco. On April 3, 1984, Mansfield sold a portion of that property to Kangaroo, Inc. Kangaroo, Inc. contracted with M. Cameron Head, Inc. to build a new service station on the lot on a cost plus basis. Head then negotiated with Cooper Construction for the site work on the project, entering into a lump sum purchase order on April 11, 1984 for "topsoil removal — tree/brush, underground tank removal, all site grading as per drawings. . . ."

Cooper removed three or four storage tanks from the site with a front end loader. In the process, the teeth on the loader bucket pierced the tanks. The tanks were placed on a corner of the property by Cooper although he did not ultimately dispose of them.

Griffin began experiencing problems with her well water in 1984. When she first discovered an odor, she walked outside and saw that a big tank had been lifted out of the ground. She said Mr. Mansfield was on the site and she talked to him about the tank. He told her they would crush the tank and bury it at the back of the lot.

Griffin contacted the Environmental Protection Agency about the problem sometime between 1984 and 1987. In 1987, the EPA tested the well water and found it unfit for consumption. In December 1987, Mansfield ran a hose from the service station to her house to allow her access to potable water until she could be connected to the county system, which was eventually done.

In the summer of 1989, Griffin retained a private engineering firm to analyze the source of the contamination of her well.

Her complaint was filed on June 28, 1989.

2. The fourth enumeration claims error in the trial court's denial of her summary judgment on the issue of strict liability of the defendants. "[T]he denial of a motion for summary judgment becomes moot after the case has proceeded to resolution by trial. [Cits.]" *Harrison v.*

*Dorsey*, 184 Ga. App. 870, 872 (2) (363 SE2d 151) (1987).

3. The first and second enumerations contend the trial court erred in directing a verdict for the defendants on two bases, the statute of limitation and agency. We need address only the former, as it is dispositive of the case.

OCGA § 9-3-30 provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues."

As set out in the pre-trial order and shown by the evidence at trial, the plaintiff's claim was based on alleged spillage of gasoline from the tanks when they were removed during the 1984 construction. During the argument on the motion for directed verdict by defendants, Griffin relied on the discovery rule for staying the running of the statute. That rule, however, does not apply to property damage. *Corporation of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1988); *Andel v. Getz Svcs.*, 197 Ga. App. 653, 655 (2) (399 SE2d 226) (1990).

4. The decision reached in Division 3 makes unnecessary consideration of the remaining error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 26, 1993

*Donn M. Peevy, G. Wayne Lancaster*, for appellant.
*Forrester & Brim, James E. Brim III, Bovis, Kyle & Burch, James E. Singer, Charles M. Medlin*, for appellees.