A93A0577. HEFFERNAN v. JOHNSON et al.
(433 SE2d 108)

BIRDSONG, Presiding Judge.

J. A. Heffernan, Jr. sued Mitchell Johnson, individually and d/b/a Johnson Tile Company, for negligence and fraud arising from

Johnson's installation of tile at Heffernan's house. Summary judgment was awarded to Johnson as the case was not filed within the period of limitations. Heffernan now appeals, contending the trial court erred by granting summary judgment and by refusing to "consider and apply the statutes and case law applicable to fraud raising a jury issue." *Held*:

1. The record shows that Heffernan contracted with Johnson to install tile on a deck at his home; by February 1986, Johnson had installed the tile. Later, Heffernan discovered water was leaking into his house and concluded the cause of the leak was the tiled deck. Heffernan filed suit against Johnson on May 31, 1991, to recover for the damage to the house and for fraud based upon Johnson's representations concerning his ability to perform the work and the manner of his performance.

Subsequently, Johnson moved for summary judgment contending that Heffernan's claims were barred by the four-year statute of limitation in OCGA § 9-3-30: "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." In these cases the right of action accrues at the time of substantial completion of the project. *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (368 SE2d 732). Because Heffernan's fraud claim also is based upon damage to realty, it too is bound by OCGA § 9-3-30. *Bowen & Bowen, Inc. v. McCoy-Gibbons, Inc.*, 185 Ga. App. 298, 301 (363 SE2d 827). The record shows that the project was completed substantially by February 1986, and the action was not filed until May 31, 1991. Therefore, the trial judge correctly ruled that this action was barred by the expiration of the four-year statute of limitation. In this regard, Heffernan did not respond to Johnson's motion for summary judgment within the meaning of OCGA § 9-11-56 (e) and *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), by pointing to facts in the record creating a jury issue as to the date the project was completed substantially.

Neither the discovery rule nor the continuing tort theory is applicable to actions involving only property damage. *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, supra. Further, subsequent repairs do not toll the statute of limitation. *Bicknell v. Hearn Roofing &c.*, 171 Ga. App. 128, 130 (318 SE2d 729). Accordingly, the trial court did not err by granting summary judgment to Johnson.

2. In view of our holding in Division 1, Heffernan's fraud claim was barred by the statute of limitation and, thus, any entitlement he might have had generally to a jury trial on his fraud claim is moot.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 23, 1993.

*Hendrix & Sanders, John W. Hendrix, Robert J. Erb*, for appellant.

*Painter, Ratterree, Connolly & Bart, R. Clay Ratterree, Royal & Vaughan, J. Scott Vaughan*, for appellees.