A94A0582. HANNA et al. v. McWILLIAMS et al.
(446 SE2d 741)

BIRDSONG, Presiding Judge.

Appellants Joseph and Annastasia Hanna brought suit for damages to real and personal property against appellees Steve J. McWilliams d/b/a McTee & Associates (McWilliams) and Ace Fireplace Sales, Inc. (Ace). The trial court granted summary judgment to appellees on the grounds that appellants' claims for damages, averred to have arisen out of negligent construction, were barred by applicable statutes of limitation.

On June 13, 1992, appellants' house caught on fire and certain real and personal property was destroyed. Appellants contend the fire was caused by a latent fireplace defect, specifically, a defective chimney liner concealed by the brick fireplace chimney. McWilliams was the general contractor. Ace, a subcontractor, sold the fireplace to McWilliams as "installed"; it was installed by another subcontractor on or about March 19, 1984. On April 17, 1984, Ace billed the fireplace as complete to McWilliams. According to McWilliams' affidavit, the house was substantially completed on or before July 31, 1984; appellants contend the house was substantially completed no earlier than August 14, 1984, when certificate of occupancy was issued. Appellants took possession of the house on October 5, 1984. On August 7, 1992, appellants filed suit averring negligent construction. Appellees moved for summary judgment on the grounds suit was barred by statutes of limitation; the trial court granted the motions. Appellants appeal asserting that the discovery of defect rule should apply both as to their claims of damage to personalty and as to their claims of damage to realty in determining when the statutes of limitation commenced to run. Appellees contend the discovery rule does not apply and that suit also was barred by a statute of repose. *Held:*

1. In Georgia all actions for trespass upon or damage to realty

shall be brought within four years after the right of action accrues (OCGA § 9-3-30); likewise, actions for injuries to personalty shall be brought within four years after the right of action accrues (OCGA § 9-3-31). OCGA §§ 9-3-30 and 9-3-31 are statutes of limitation. Further, OCGA § 9-3-51 contains an eight-year statute of repose pertaining to actions therein specified. OCGA § 9-3-51 (a).

2. Suit for damages to realty was barred by OCGA § 9-3-30 but suit for damages to personalty was not barred by OCGA § 9-3-31.

(a) We reject appellants' contention that the discovery rule delays the accrual of his right of action for damages to realty until June 13, 1992. In *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (hereinafter *Mercer*), a case involving only property damage and no statute of repose issue, the Supreme Court overruled its adoption of the discovery rule in *Lumbermen's &c. Co. v. Pattillo &c. Co.*, 254 Ga. 461 (330 SE2d 344) and limited the scope of applicability of said rule; the court held: "The plurality opinion in [*Lumbermen's*] extended the discovery rule to property damage involved in that case. . . . Today, we expressly adopt the dissent written by Justice Weltner, and hold that 'the discovery rule of *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981) (*is confined*) to cases of bodily injury which develop only over an extended period of time.' [Cit.] To the extent anything in *Lumbermen's* is in conflict with this opinion, it is overruled. An action under OCGA § 9-3-30 must be brought within four years of substantial completion." (Emphasis supplied.) *Mercer*, supra at 366 (1); accord *Broadfoot v. C & S Nat. Bank*, 208 Ga. App. 382, 384 (430 SE2d 638); *Broadfoot v. Aaron Rents*, 195 Ga. App. 297, 300 (2) (393 SE2d 39), aff'd in part and rev'd in part on other grounds, 260 Ga. 836 (401 SE2d 257). The Supreme Court also expressly limited the continuing tort theory stating: "It is not applicable to cases which involve only property damage." *Mercer*, supra at 366 (2).

In *Griffin v. Kangaroo, Inc.*, 208 Ga. App. 190 (430 SE2d 82), cert. den., 208 Ga. App. 910, appellant's well was contaminated in 1984 during neighboring construction; the complaint was filed in 1989. During argument on motion for directed verdict, appellant contended the discovery rule stayed the running of OCGA § 9-3-30; the court held that the discovery rule does not apply to property damage. Id. at 192 (3). In *Heffernan v. Johnson*, 209 Ga. App. 139, 140 (1) (433 SE2d 108), we concluded: " 'All actions for trespass upon or damages to realty shall be brought within four years after the right of action accrues.' In these cases the right of action accrues [within the meaning of OCGA § 9-3-30] at the time of substantial completion of the project. [Cit.] Because [appellant's] fraud claim also is based upon the damage to realty, it too is bound by OCGA § 9-3-30." Additionally, we re-affirmed that: "Neither the discovery rule nor the continu-

ing tort theory is applicable to actions involving only property damage." Id.; compare *Andel v. Getz Svcs.*, 197 Ga. App. 653, 655 (2) (399 SE2d 226); *Boyd v. Orkin Exterminating Co.*, 191 Ga. App. 38, 41 (3) (381 SE2d 295); *Miles Ins. &c. Co. v. Gilstrap*, 187 Ga. App. 858 (1) (371 SE2d 672). Appellants' fireplace and home were both substantially completed for more than four years before their suit for damages to realty was filed. Thus, the claim for damage to realty was barred by the statute of limitation. *Mercer,* supra; *Heffernan,* supra; *Broadfoot,* 208 Ga. App., supra; *Broadfoot,* 195 Ga. App., supra; *Miles Ins. &c. Co.,* supra. Contrary to appellants' contention, the discovery rule of *Lumbermen's,* supra, was overruled by *Mercer,* supra, except as to cases where personal injury is involved. The discovery rule no longer applies to suits merely for real property damage; this is true whether a statute of repose exists.

(b) Appellants contend that because the limitation period of OCGA § 9-3-31 does not commence to run until injury is sustained, it does not bar their claim for damages to personal property. Appellees, however, citing *Mercer,* supra and its progeny, claim that implicitly the limitation period of OCGA § 9-3-31 commences from the date of substantial completion of the construction improvement and not from the date of actual damage to appellants' personal property (see *Broadfoot,* 208 Ga. App., supra; *Andel,* supra; *Broadfoot,* 195 Ga. App., supra; see also *Boyd,* supra) and, accordingly, that appellants' claim for damages to personal property is barred by the statute of limitation contained in OCGA § 9-3-31.

In *U-Haul Co. &c. v. Abreu & Robeson, Inc.,* 247 Ga. 565, 567 (277 SE2d 497), the Supreme Court compared the statute of limitation provisions of Code Ann. § 3-1001 (OCGA § 9-3-30) and Code Ann. § 3-1002 (OCGA § 9-3-31), and concluded, inter alia: "Even though the cause of action for damage to the building accrues at the time of construction, a cause of action for damage to personal property or for personal injury proximately resulting from defective construction *does not accrue until these injuries occur.*" (Emphasis supplied.) Accord *Millard &c. Builders v. Plant Improvement Co.,* 167 Ga. App. 855 (307 SE2d 739); *A. C. Gas Svc. v. Bickley,* 160 Ga. App. 737, 738 (1) (288 SE2d 84); see *Ferguson v. Miller,* 160 Ga. App. 436, 438 (287 SE2d 363), citing *U-Haul Co.,* supra. This precedent has never been overruled. In *Mercer,* supra, lawsuits were brought to recover damages in tort for injury to property arising out of defendant's sale to Mercer University of asbestos products; Mercer alleged these products were installed in *buildings* constructed or renovated on its campuses. *Mercer* does not address *expressly* the issue of damage to personal property and fails to distinguish any prior precedent concerning such issue. It is stated in *Mercer,* supra at 366 (1), that "[t]his case involves property damage only, there is no personal injury in-

volved. *The applicable statute of limitations in this case is OCGA § 9-3-30. . . .* To the extent anything in *Lumbermen's* is in conflict with this opinion, it is overruled. An action under OCGA § 9-3-30 must be brought within four years of substantial completion." (Emphasis supplied.) On its face, *Mercer* reflects that the statute of limitation in OCGA § 9-3-31, regarding damage to personalty claims, was *not* the controlling and applicable statute of limitation necessary to answer the question certified by the United States Court of Appeals for the Eleventh Circuit. Accordingly, *Mercer* neither expressly nor by necessary implication reverses the line of cases above cited which holds that a cause of action for damages to personalty accrues (within the meaning of OCGA § 9-3-31) at time of injury. *Broadfoot*, 208 Ga. App., supra; *Andel*, supra; *Broadfoot*, 195 Ga. App., supra; and *Boyd*, supra, will no longer be followed to the limited extent they may conflict with the holdings in *U-Haul*, supra, and its progeny, as to when a cause of action for damages to personalty accrues.

3. Although not enumerated as error, it must now be determined whether the statute of repose, OCGA § 9-3-51, barred appellants' claim for damage to personal property, because a grant of summary judgment must be affirmed if it is right for any reason (compare *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47); see *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746)).

The discovery rule does not apply to the eight-year statute of repose in OCGA § 9-3-51, which on its face provides that it shall begin to run "after substantial completion" of the improvement to real property at issue. See *Fort Oglethorpe Assoc. v. Hails Constr. Co.*, 196 Ga. App. 663 (3) (396 SE2d 585); compare *Miles Ins. &c. Co.*, supra at 858 (2) (dictum), citing, *Mercer*, supra. Further, OCGA § 9-3-51 does not establish an eight-year statute of limitation; it establishes an outside time limit, which commences upon substantial completion of the *improvement* to the real property, and within which preexisting statutes of limitation continue to operate. *Benning Constr. Co. v. Lakeshore Plaza &c.*, 240 Ga. 426, 428 (241 SE2d 184); *Fort Oglethorpe Assoc.*, supra at 665 (rejecting contention that *Mercer*, supra, is not applicable to a case where a statute of repose applies). Moreover, the eight-year repose limit applies regardless of when the injury occurs or, indeed, whether a cause of action has accrued at all prior to the expiration of the period. *Beall v. Inclinator Co. &c.*, 182 Ga. App. 664 (356 SE2d 899). The statute of repose can commence to run against an injured property owner even *before* the owner acquires legal title to the real property which is the subject of the deficient improvement; in such situations it is the substantial completion of the improvement at issue which commences the running of the eight-year period. OCGA § 9-3-51 (a).

An *improvement*, as contemplated by this statute, denotes a fixed alteration to the real estate; the issue, in cases such as this, " 'is whether a *component* of a system which is definitely an improvement to real property is an improvement to real property *itself*.' " (Emphasis supplied.) *Broadfoot*, 195 Ga. App., supra at 299 (1). We must apply the factors of *Mullis v. Southern Co. Svcs.*, 250 Ga. 90, 94 (4) (296 SE2d 579) to the common sense analysis to determine what constitutes an "improvement to real property" within the meaning of OCGA § 9-3-51 (a). See generally *Broadfoot*, 195 Ga. App., supra at 299 (1); compare *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396, 398 (1b) (287 SE2d 229) (gas line did not constitute improvement).

We conclude the fireplace was an improvement to real property within the meaning of OCGA § 9-3-51 (a). The fireplace component obviously was an integral part of the house; it was not a mere frill, but an alternate heat source of economic and aesthetic value. "[I]f a component is an essential or integral part of the improvement to which it belongs, then it is *itself* an improvement to real property." (Emphasis supplied.) *Mullis*, supra at 94 (4); compare *Miles Ins. &c. Co.*, supra (where causation was not traced in the official case report to any readily identifiable component of the house). As the fireplace "itself" is an improvement to real property and as the date of its substantial completion is capable of proof, it is the date of substantial completion of the fireplace and not of the entire house which controls in determining the date of commencement of the eight-year period in the statute of repose in this case. The record establishes, without evidence in contravention, that the fireplace was substantially completed on or about March 19, 1984, and the general contractor received a bill for such completion dated April 17, 1984. Suit was not initiated until August 7, 1992, after the running of the eight-year statute of repose. Accordingly, appellants' claims for damages to real and personal property were barred by the applicable statute of repose. OCGA § 9-3-51 (a). The trial court correctly granted appellees summary judgment; we will not reverse. *Malaga Mgmt. Co.*, supra.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Beasley, P. J., Cooper, Andrews, Johnson, Blackburn and Smith, JJ., concur.*

DECIDED MAY 27, 1994.

McKenzie, Martin, Taylor & McConnaughey, B. Morris Martin, Timothy A. Bumann, for appellants.

Savell & Williams, Charles M. Dalziel, Jr., Grant G. Morain,

*Stacy, Sanders & McAlpine, James M. Sanders*, for appellees.

