A99A0041. TRAVIS PRUITT & ASSOCIATES, P. C. v. BOWLING.
(518 SE2d 453)

JOHNSON, Chief Judge.

Michelle Bowling sued Travis Pruitt & Associates, P. C. ("Pruitt"), a civil engineering firm, claiming Pruitt's negligence in designing a drainage system for a neighboring subdivision caused flooding on her property. Pruitt moved for summary judgment on the ground that the statute of limitation expired. The trial court denied the motion. We granted Pruitt's application for interlocutory review of the trial court's decision. For the reasons set out below, we conclude that the trial court did not err in denying Pruitt's motion for summary judgment.

Pruitt entered into a contract with Jolly Development Corporation in which Pruitt was to design roads, curbs, gutters, drainage culverts and related features for a new residential subdivision. All of these projects were substantially completed and accepted on November 9, 1992.

On or about October 29, 1993, Bowling's property flooded. On October 20, 1997, Bowling sued Pruitt alleging negligence in the design of the subdivision's drainage system. In its motion for summary judgment, Pruitt argued that the statute of limitation expired in November 1996, four years after the project was substantially completed. See OCGA § 9-3-30 (all actions for damage to realty must be brought within four years after the right of action accrues). Bowling disagreed, contending that her cause of action did not accrue until her property was damaged. The trial court agreed with Bowling and denied the motion.

1. Pruitt contends the trial court erred in determining that Bowling's cause of action accrued on the date her property was first damaged. We agree with the trial court.

As Pruitt argues, normally a cause of action based on negligent design and construction accrues and the statute of limitation begins to run at the time the project is substantially completed. *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1) (368 SE2d 732) (1994); *Hanna v. McWilliams*, 213 Ga. App. 648 (446 SE2d 741) (1994). At the same time, however, a cause of action in negligence accrues and the statute of limitation begins to run when there is a negligent act *coupled with a proximately resulting injury*. *U-Haul Co. &c. v. Abreu & Robeson, Inc.*, 247 Ga. 565, 566 (227 SE2d 497) (1981). The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained her action to a successful result. Id. Bowling's action could first have been successfully maintained when her property was first damaged.

The rule that a cause of action for a design defect accrues at the time of construction is based on the rationale that the defect gives rise to immediately ascertainable damages to the owner; thus, a cause of action could be successfully maintained by the owner of defectively designed property at that time, when some damage first occurs. See *Atlanta Gas Light Co. v. City of Atlanta*, 160 Ga. App. 396, 397 (1) (a) (287 SE2d 229) (1981). This rationale does not apply where the defect is in property owned by someone other than the plaintiff. Id. at 398. Bowling could not have successfully maintained a cause of action against Pruitt for negligent design or construction of neighboring property before there was any damage to her own property. We point out that the four-year statute of limitation set out in OCGA § 9-3-30 does not bar an action for property damage where the instrumentality causing the damage may have existed for many years, provided the damages sought to be recovered accrued within four years of the filing of the complaint. *Rogers v. Western & Atlantic Railroad*, 209 Ga. 450 (1) (74 SE2d 87) (1953).

The cases cited by Pruitt do not require a different result. All but one of those cases, unlike the instant case, involves alleged negligent design and construction of the plaintiff's own property. See *U-Haul*, supra (subsequent owner of building barred from suing engineer for cracks developing in building decades after construction); *Corp. of Mercer Univ.*, supra (owner of property required to sue manufacturers of products used in construction of its buildings within four years of project completion); *Wellston Co. v. Sam N. Hodges, Jr. & Co.*, 114 Ga. App. 424 (151 SE2d 481) (1966) (property owner's cause of action against its contractor and architect accrued when the negligent acts occurred, not when building collapsed); *Fort Oglethorpe Assoc. II, Ltd. v. Hails Constr. Co. &c.*, 196 Ga. App. 663 (396 SE2d 585) (1990) (owner of shopping center barred from suing contractor for faulty roof construction more than four years after substantial completion); *Heffernan v. Johnson*, 209 Ga. App. 139, 140 (1) (433 SE2d 108)

(1993) (property owner's action against contractor who installed tile barred because not filed within four years of installation); *Hanna v. McWilliams*, supra (statute of limitation barred homeowner's suit against contractor and fireplace seller for defective fireplace installed in his home more than four years earlier). Furthermore, in each of those cases the damage was done to the plaintiff's property at the time of construction. That was not the case here.

The only case relied upon by Pruitt involving a neighboring landowner's complaint was filed five years after construction and five years after her property was damaged, which action would have been time-barred under either theory. *Griffin v. Kangaroo, Inc.*, 208 Ga. App. 190, 192 (3) (430 SE2d 82) (1993). We note that because the instant case involves the issue of when the plaintiff's property was damaged, rather than when she discovered the damage, those cases addressing the applicability of the discovery rule to property damage cases are not controlling. See, e.g., *Hanna*, supra; *Smith v. Branch*, 226 Ga. App. 626, 627 (2) (a) (487 SE2d 35) (1997).

2. Because the action was filed within the applicable four-year statute of limitation, we need not consider Pruitt's argument regarding the eight-year limitation period set forth in the statute of repose (OCGA § 9-3-51).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 25, 1999 — CERT. APPLIED FOR.

*Wasson, Sours & Harris, W. Hensell Harris, Jr., David R. James*, for appellant.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Jeffrey F. Leasendale*, for appellee.