[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11277
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cv-00107-MTT

GENEVA L. WATKINS,

Plaintiff-Appellant,

versus

CAPITAL CITY BANK,
as successor in interest to Farmers and Merchants Bank,

Defendant,

L P KEEN INSURANCE AGENCY INC,

Defendants-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 15, 2018)

Before MARCUS, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Geneva L. Watkins appeals the district court's grant of summary judgment in favor L.P. Keen Insurance Agency, Inc. ("Keen") in her action alleging fraud under Georgia law.  On appeal, she argues that the district court erred in concluding that her action was filed outside of the applicable statute of limitations period and was precluded by res judicata.  After careful review, we affirm.

We review the district court's grant of summary judgment de novo, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the nonmoving party.  McCullough v. United States, 607 F.3d 1355, 1358 (11th Cir. 2010).  Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Id.; Fed. R. Civ. P. 56(a).  The district court must consider all evidence in the record when reviewing a motion for summary judgment, including the pleadings and discovery responses, and can only grant summary judgment if the record demonstrates that no genuine issue of material fact exists.  Strickland v. Norfolk S. Ry., 692 F.3d 1151, 1154 (11th Cir. 2012).

The district court's interpretation and application of the statute of limitations is also reviewed de novo.  McCullough, 607 F.3d at 1358.  A federal court sitting in diversity must apply the substantive law, including statutes of limitations, of the relevant state, which in this case is Georgia.  See Mississippi Valley Title Ins. Co. v. Thompson, 802 F.3d 1248, 1251 (11th Cir. 2015).  Under Georgia law, the

2

statute of limitations for fraud claims is four years.  Nash v. Ohio Nat'l Life Ins. Co., 597 S.E.2d 512, 515 (Ga. Ct. App. 2004); O.G.C.A. § 9-3-31.  In cases involving allegations of actual fraud, the statute of limitations is tolled until the fraud is discovered, or could have been discovered through the exercise of ordinary care and diligence.  Nash, 597 S.E.2d at 515.  It is the plaintiff's burden to show the existence of facts that would toll the statute of limitations.  Id.

Georgia's "continuous tort theory" dictates that, in cases involving a negligent or tortious act of a continuing nature that produces injury in varying degrees over time, the statute of limitations is tolled so long as the continued exposure to the hazard is occasioned by the continued failure of the tortfeasor to warn the victim, and the statute of limitations does not begin to run until the continued tortious act producing such injury is eliminated.  Ambling Mgmt. Co. v. Purdy, 640 S.E.2d 620, 625 (Ga. Ct. App. 2006).  This theory, however, is only applicable to cases involving personal, bodily injury.  Corp. of Mercer Univ. v. Nat'l Gypsum Co., 368 S.E.2d 732, 733 (Ga. 1988); see also Therrell v. Georgia Marble Holdings Corp., 960 F.2d 1555, 1561–62 (11th Cir. 1992) (explaining that Georgia's "continuing tort theory" was limited to injury to persons, and did not apply to injury to property).

Under Federal Rule of Civil Procedure 36, a matter contained in a request for admission is deemed admitted if the party to whom the request was made does

3

not respond within 30 days.  Fed. R. Civ. P. 36(a)(3).  A matter deemed admitted under this rule is "conclusively established" unless the court orders otherwise. Fed. R. Civ. P. 36(b).

Here, the district court did not err in concluding that Watkin's fraud case was barred by the applicable statute of limitations.  Under Georgia law, the statute of limitations in fraud cases generally begins to run when the fraud is discovered. Because Watkins failed to timely answer the requests for admission and the district court deemed them admitted, it was conclusively established that Watkins became aware of the fraud in 2000 at the latest.  See Fed. R. Civ. P. 36(b).  Thus, this suit, filed in 2014, was well outside the applicable four-year statute of limitations. While Watkins argues that the fraud she suffered was a continuous tort and that the statute of limitations did not begin to run until the fraud stopped in 2003, Georgia precedent holds that the continuous tort theory only applies to toll the statute of limitations in personal, bodily injury cases.  See Mercer Univ., 368 S.E.2d at 733; Therrell, 960 F.2d at 1561–62.  Because Watkins alleged only that she suffered financial loss (and not bodily injury) as a result of the fraud, the statute began to run when Watkins discovered the fraud.  See Nash, 597 S.E.2d at 515.  Moreover, we find no merit to her claim that the other cases Watkins filed in 2005 and 2006 (the last of which was dismissed in 2013) tolled the statute of limitations in this case.  Not only had these cases been terminated before she filed the instant case,

4

they were filed well outside the applicable statute of limitations period, and, thus, do not toll the statute of limitations to render her present action timely.

On this record, the district court did not err in concluding that summary judgment in favor of Keen was proper on statute-of-limitations grounds. Because we affirm on this ground, we need not decide the res judicata issue.

**AFFIRMED**.