[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10036
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01686-AT

JOHN E. JACOBS,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,

Defendant,

COBB COUNTY,
COBB COUNTY BOARD OF COMMISSIONERS,
NEIL WARREN,
Cobb County Sheriff,
MAJOR MICHAEL SKELTON,
SERGEANT SIMMS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 8, 2020)

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

John E. Jacobs, proceeding *pro se*, appeals the district court's dismissal of his constitutional and state-law claims as insufficiently pled or time barred in a 42 U.S.C. § 1983 action he brought against Cobb County and others relating to the conditions of his pretrial detention. After careful review, we affirm.

## I.

On April 25, 2018, Jacobs filed a lawsuit challenging the conditions of his confinement while he was detained pretrial for approximately ten months at the Cobb County Adult Detention Center (the "jail"). In relevant part, Jacobs alleged that the jail failed to provide adequate food, medical care, and sanitation, and that his personal items, including pens, paper, notes, and legal materials, were routinely confiscated. He further alleged that a guard used excessive force against him, that the guard falsely accused him of assault, and that he was then placed in solitary confinement for seven days for "fighting and resisting staff" and "refus[ing] to obey" without an adequate opportunity to defend himself. He claimed that the jail and its staff violated state law and his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

2

Before any defendant was served, the district court screened Jacobs's complaint under 28 U.S.C. § 1915(e)(2) after a magistrate judge granted his motion for leave to proceed *in forma pauperis*. The court exhaustively reviewed the complaint's allegations and ordered that two claims could go forward (a constitutional claim based on the confiscation of his personal items and a state-law claim of assault and battery), that one claim would be dismissed with prejudice (a constitutional claim based on "cell shakedowns"), and that the remainder of his claims would be dismissed without prejudice.

With regard to the bulk of Jacobs's claims, the district court concluded that his allegations were insufficient to state plausible claims but that he should be given a chance to amend. In particular, the court found that (1) jail staff were not deliberately indifferent to a serious medical need; (2) the conditions of his confinement were not sufficiently extreme to rise to the level of a constitutional violation; (3) the allegations were insufficient to determine whether the force used against Jacobs by the guard was objectively unreasonable; (4) the allegations were insufficient to determine whether Jacobs received notice and an opportunity to be heard before his placement in solitary confinement or whether the placement was for punishment or for reasons of institutional security; and (5) Jacobs failed to offer supporting factual allegations for his state-law claims of malicious prosecution, defamation, intentional infliction of emotional distress, and abuse of process.

3

Jacobs timely filed an amended complaint, which the district court observed was "almost entirely identical" to the original complaint. In view of that fact, the court found that the "exact same deficiencies" contained in the original complaint persisted in the amended complaint, so its prior analysis applied to the amended complaint "with equal force" and "require[d] the same result," namely dismissal, this time with prejudice, since the court did not believe that Jacobs could or would cure the defects through amendment. Accordingly, the court ordered that the case could proceed as to the two claims it previously found plausible: (1) Jacobs's constitutional claim premised upon the confiscation of his personal items; and (2) his state-law claim premised upon assault and battery.

The defendants moved to dismiss the remaining two claims as barred by the applicable two-year statute of limitations. They noted that Jacobs had submitted an inmate grievance, which was attached to his complaint, relating to these claims on August 9, 2015, more than two years before this lawsuit was filed in April 2018.

In response, Jacobs argued that his claims were timely due to "delayed accrual" and tolling. As to delayed accrual, he asserted that his cause of action arose from "a series of events . . . spanning the space of two years," and he cited delays in receiving documents and information related to his underlying criminal case. As to tolling, he cited the jail's limitation of his access to the law library, among other things.

4

Finding Jacobs's arguments unpersuasive, the district court granted the defendants' motion, dismissed the remaining two claims as time barred, and closed the case.  Jacobs now appeals.

## II.

We first consider Jacobs's arguments challenging the dismissal of his claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]  We review a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, using the same standards that govern dismissals under Rule 12(b)(6), Fed. R. Civ. P.  *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001).  *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Nevertheless, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

---

[1] Contrary to Appellees' position, we have jurisdiction to review these arguments notwithstanding Jacobs's failure to designate the district court's orders dismissing these claims—dated October 15, 2018, and April 10, 2019—in his notice of appeal, which designated only the final order entered on December 5, 2019.  We liberally construe notices of appeal and ordinarily allow "appeals from orders not expressly designated in the notice of appeal, at least where the order that was not designated was entered prior to or contemporaneously with the order(s) properly designated in the notice of appeal" and there is no prejudice to the opposing party.  *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006); *see Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014) ("[T]he appeal from a final judgment draws in question all prior non-final orders and rulings that produced the judgment." (quotation marks omitted)).  Here, liberally construing the notice of appeal, we have jurisdiction because Jacobs expressly designated the final order in the case, the orders not expressly designated were entered prior to that order, and there is no prejudice to Appellees.  *See KH Outdoor*, 465 F.3d at 1260.

To avoid dismissal for failure to state a claim, the complaint "must include enough facts to state a claim to relief that is plausible on its face." *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (quotation marks omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quotation marks omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Here, the district court did not err in dismissing Jacobs's claims under § 1915(e)(2)(B)(ii). None of Jacobs's arguments to the contrary is persuasive.

First, Jacobs argues that the conditions of his confinement combined, including unsanitary toilet facilities and inadequate hygiene products, amounted to a constitutional violation given that he was a pretrial detainee in jail for a minor offense. In evaluating the conditions of confinement for pretrial detainees, we look to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, though "the minimum standard[s] allowed by the due process clause [are] the same as th[ose] allowed by the "[E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). And to

demonstrate that conditions are sufficiently serious to violate the Eighth Amendment, the inmate must show that "extreme" conditions created an unreasonable risk—one that society chooses not to tolerate—of "serious damage to [the detainee's] future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted).  Here, we agree with the district court that Jacobs's allegations of unsanitary conditions, while concerning, do not rise to the level of stating a plausible constitutional violation.  *See id.*

Second, Jacobs argues that the district court "completely overlooked" his First Amendment claim alleging a violation of his right of access to the courts.  But this claim was not "overlooked"; it simply did not appear in either of Jacobs's complaints.  Jacobs did not cite the First Amendment or, even after the court dismissed the original complaint without addressing a First Amendment claim, indicate that he wished to bring a claim based on the jail's limitation of his access to the law library.  Accordingly, we cannot fault the district court for failing to address an access-to-the-courts claim.

In any case, Jacobs's more developed allegations on appeal do not state a First Amendment claim because he fails to plausibly show that his limited access to the law library resulted in "actual injury"—that is, that his limited law-library access impeded his efforts to pursue a nonfrivolous claim.  *See Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) ("[I]n order to assert a claim arising from the denial of

7

meaningful access to the courts, an inmate must first establish an actual injury."). Jacobs claims that his conviction in the underlying criminal case counts as an actual injury. But his allegations reflect that he was represented by counsel in that case, and he does not indicate what motions he wished for his "hostile public defenders" to file. *See Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) ("Wilson has failed to show actual legal injury regarding . . . his criminal conviction, because he was represented by counsel in that matter . . . ."). He also claims that the delay in bringing this case counts as an actual injury, but it appears he left the jail on November 4, 2015, well over a year before the limitations period expired in August 2017. So, he has not plausibly shown that the jail's law-library restrictions impeded his ability to bring this lawsuit on time. *See Barbour*, 471 F.3d at 1225. Accordingly, to the extent the court erred by failing to address an access claim, such error was harmless because Jacobs cannot state a plausible claim to relief.

Third, Jacobs challenges the dismissal of his due-process claim relating to his placement in solitary confinement. In *Jacoby v. Baldwin County*, we held that a "pretrial detainee . . . may not be punished for his misconduct while in [jail] unless he is given a due process hearing." 835 F.3d 1338, 1344 (11th Cir. 2016). We assume that Jacobs was placed in solitary confinement as a disciplinary punishment, as he asserts on appeal. But that just means that, before being punished, he was entitled to a due-process hearing that complied with the requirements established in

8

*Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id.* at 1348–49.  And as the district court noted, the complaint was largely silent as to whether he was "afforded notice or an opportunity to be heard prior to such placement."  Because Jacobs wholly fails to address this essential component of his claim on appeal, we must conclude that he has abandoned this issue.  *See Timson*, 518 F.3d at 874.

Fourth, Jacobs maintains that he stated a plausible claim of excessive force because the guard acted with a "sadistic" and "cruel" intent to cause harm.  "The Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment."  *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quotation marks omitted).  To state a claim for excessive force under the Due Process Clause, a pretrial detainee must set forth objective facts showing that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive to that purpose."  *Id.* ("[T]he appropriate standard for a pretrial detainee's excessive force claim is solely an objective one.").

Here, Jacobs's complaints did not allege sufficient facts, accepted as true, to support a reasonable inference that the force used against him was not rationally related to a legitimate governmental objective or that it was excessive to that purpose.  *See id.*; *Hunt*, 814 F.3d at 1221.  As the district court explained, the complaints fail to allege keys facts regarding the nature and extent of the injuries he

9

received and whether he "was actively refusing to cooperate during the search of his person (i.e., resisting), as opposed to peaceably refusing or otherwise cooperating in full." Accordingly, we agree with the district court that Jacobs's allegations do not establish a plausible claim of excessive force. *See Kingsley*, 576 U.S. at 398.

Finally, Jacobs contends that the district court erred in dismissing his state-law claims for intentional infliction of emotional distress, malicious prosecution, and abuse of process. However, the claims for malicious prosecution and abuse of process relate to his underlying criminal case, and he failed to provide any supporting factual allegations for these claims. As for the claim of intentional infliction of emotional distress, Jacobs's allegations do not reflect the kind of "extreme or outrageous" conduct required for such a claim. *See Wilcher v. Confederate Packaging, Inc.*, 651 S.E.2d 790, 792 (Ga. Ct. App. 2007). So the district court properly dismissed these state-law claims.

For these reasons, we affirm the district court's orders, dated October 15, 2018, and April 10, 2019, dismissing Jacobs's claims under § 1915(e)(2)(B)(ii).

**III.**

The district court also properly granted the defendants' motion to dismiss Jacobs's remaining two claims as time barred. We review *de novo* the dismissal of claims for failure to satisfy a statute of limitations, as well as the question of whether equitable tolling applies. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007).

10

The "limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). This limitations period does not begin to run "until the facts which would support a cause of action are apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996); *Travis Pruitt & Assocs., P.C. v. Bowling*, 518 S.E.2d 453, 454 (Ga. Ct. App. 1999) ("The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained her action to a successful result.").

On appeal, Jacobs does not appear to dispute that his constitutional claim based on the confiscation of his personal items and his state-law claim based on assault and battery were not timely filed. Based on a grievance form he submitted in August 2015, Jacobs was aware of all facts necessary to maintain these causes of action at that time. But he did not file this lawsuit until April 2018, more than two years after the accrual of his claims. So the two-year statute of limitations under § 9-3-33 barred both claims. *See Williams*, 794 F.3d at 626.

To avoid the time bar, Jacobs invokes the doctrine of equitable tolling. Generally, a party seeking to equitably toll a limitations period must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

11

circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*).

Here, Jacobs has made neither showing. Jacobs discusses his attempts to obtain documents and information relating to his underlying criminal case, and he attacks the validity of that case, but these efforts have nothing to do with the claims in this case, which relate to the conditions of his confinement. Accordingly, he has not shown that he diligently pursued his rights in this case. Nor, for similar reasons, has he shown that his delays in receiving information about his criminal case prevented him from timely filing this lawsuit. And as we have already explained, the restrictions the jail placed on his law-library access did not prevent timely filing. *See id.* So Jacobs was not entitled to equitable tolling of the limitations period.

In sum, we affirm the dismissal of Jacobs's § 1983 civil-rights action.

**AFFIRMED.**

12